IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Ethan Wood, | ) | |
| | ) | Civil Action No. 9:14-cv-1684 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      The plaintiff, Ethan Wood ("Wood"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 18).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Wood has filed objections to the Report (ECF No. 19), and the Commissioner has responded to those objections (ECF No. 21). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Wood applied for DIB and SSI on August 4, 2010, alleging disability beginning on July 16, 2010. Wood later amended his alleged disability onset date to November 8, 2010. Wood's application was denied initially and on reconsideration. On July 25, 2012, an Administrative Law Judge ("ALJ") heard testimony from Wood and a vocational expert. On October 30, 2012, the ALJ issued a decision denying Wood's claim.

In his decision, the ALJ found that Wood suffered from the following severe impairments: degenerative joint disease, chondromalacia of the left knee, and obesity. (ECF No. 10-2 at 21). The ALJ found that, despite Wood's limitations, jobs existed in significant numbers in the national economy that he could perform. (ECF No. 10-2 at 28). Wood sought review of his case by the Appeals Council. The Appeals Council denied Wood's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

The court finds that Wood merely repeats the arguments that he raised to the magistrate judge. *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that rehashing arguments raised to the magistrate judge does not comply with the requirement to file specific objections).  The magistrate judge properly found that Wood failed to prove that the weight afforded to the pain assessment form completed by Wood's physician was unsupported by substantial evidence. *See Celebrezze*, 331 F.2d at 545 (stating that the claimant has the burden of proof).  The magistrate judge correctly determined that the pain assessment was inconsistent with the objective medical facts and Wood's testimony.  In sum, the court finds that the objections asserted by Wood were already addressed in the well-reasoned and well-written Report.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Wood's impairments, arguments, and functional capacity.  Likewise, the magistrate judge considered each of Wood's arguments and properly addressed each in turn, finding them without merit.  The court finds no basis for disturbing the Report.  Accordingly, the court adopts the Report and its

recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina  
June 5, 2015